NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3145
_____

UNITED STATES OF AMERICA

v.

KEVIN EASON,
                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-10-cr-00332-001)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2013

Before:  RENDELL, FISHER and JORDAN, *Circuit Judges*.

(Filed: January 10, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Kevin Eason appeals the District Court's order denying his motion to withdraw his

guilty plea.  For the reasons set forth below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On October 2, 2009, at 2:00 a.m., Camden, New Jersey police officers spotted two men on a street corner.  One of the men, who was later identified as Eason, was on a bicycle wearing a black winter vest with his right hand in his pocket.  The other man, later identified as J.P., was facing Eason with both of his hands in the air.  Believing that an armed robbery was in progress, the officers drew their weapons and approached the men.  J.P. told the officers that Eason had a gun in his pocket and tried to take his money.  After ordering Eason to place his hands on his head, the officers took Eason to the ground.  In response to the officers' questions, Eason admitted that he had a gun, which the officers then removed.  Further investigation revealed that Eason was prohibited from possessing a firearm because he had been convicted of multiple felonies.

On November 24, 2010, pursuant to a written plea agreement, Eason pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The plea agreement contained one factual stipulation:  that the "offense involved a loaded firearm with an obliterated serial number."  The agreement also contained a limited waiver of the right to appeal, stating that "[i]f the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal . . . claiming that the sentencing court

2

erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal." At the guilty plea hearing, where Eason was represented by the Federal Public Defender's Office, he advised the District Court that he "fully discussed these charges and the case in general with [his] counsel," and was "fully satisfied with the services rendered to [him] by counsel and the advice given to [him]." The District Court advised Eason of the consequences of his guilty plea, including the ten-year statutory maximum term of incarceration.

On March 1, 2011, Eason's present counsel entered his appearance, terminating the Federal Public Defender's representation. On March 14, 2011, the United States Probation Office finalized the presentence investigation report ("PSR") with no objections from the parties. The PSR included a calculated guideline range of 110 to 120 months' imprisonment based on Eason's total offense level and criminal history category. On April 11, 2011, Eason moved to withdraw his guilty plea. After supplemental briefing, in which Eason argued that plea counsel's ineffective assistance warranted the withdrawal of his guilty plea, the District Court held a hearing on Eason's motion. On June 20, 2011, the District Court entered an order denying Eason's motion to withdraw his guilty plea "for the reasons expressed on record" at the motions hearing on June 15, 2011. The District Court then sentenced Eason to 115 months' imprisonment. This appeal followed.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Eason's appeal under 18 U.S.C. § 1291. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011).

## III.

After a court accepts a guilty plea, a defendant may withdraw the plea before sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant bears a "substantial burden" of showing a fair and just reason for the withdrawal of a plea. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). When determining whether a defendant has carried this substantial burden, a district court must consider whether "(1) the defendant asserts innocence; (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal." *Siddons*, 660 F.3d at 703.

With regard to the strength of the reasons for withdrawal, "[a] court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered sufficient prejudice from his counsel's errors." *United States v. Jones*, 336 F.3d 245, 253-54 (3d Cir. 2003). The government need not show prejudice if the defendant

cannot otherwise provide a fair and just reason for the withdrawal of the guilty plea. *United States v. Harris*, 44 F.3d 1206, 1210 n.1 (3d Cir. 1995).

Here, as recognized by the District Court, Eason does not contest his status as a convicted felon, his possession of a firearm, or that he possessed the firearm in and affecting interstate commerce. Rather, at the motions hearing, in regard to innocence, counsel for Eason merely asserted that Eason may have had a necessity defense to the charge of being a felon in possession of a firearm. Eason argued ineffective assistance of counsel by asserting that plea counsel (1) neglected to challenge the government's evidence through a motion to suppress; (2) failed to object to his juvenile adjudications, the lack of certified records, and the advisory guideline calculation in the PSR; and (3) led him to waive his right to file an appeal regarding plea counsel's ineffectiveness. The District Court properly rejected Eason's arguments.

In order for Eason to have suffered prejudice due to plea counsel's alleged failure to file a motion to suppress the firearm, he must show that the motion would likely have been granted, and thus that the police officers lacked a reasonable, articulable suspicion that criminal activity was afoot when they stopped him and searched him for a weapon. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968). Prior to arrest, the officers observed that Eason had one hand in his pocket while facing J.P., who had both of his hands in the air. Also, when the officers approached the two men, J.P. stated that Eason was trying to rob him with a gun. If the police were to testify to these facts, with no other evidence offered by

5

Eason, then the District Court would almost certainly find that the officers had a reasonable suspicion that criminal activity was afoot.

Eason's next argument that plea counsel failed to object to the PSR is without merit. Because the PSR was not prepared until Eason had already entered his plea, counsel's actions with respect to the PSR could not possibly have affected Eason's decision to plead guilty.

Finally, contrary to Eason's assertion, he did not waive his right to file an appeal regarding plea counsel's ineffectiveness. At the plea hearing, when the District Court asked Eason if he understood the waiver of appeal in the plea agreement, which was limited to the fact that both parties were waiving the right to appeal the stipulation that the offense involved a loaded firearm with an obliterated serial number, Eason confirmed that he understood. This limited waiver of appeal does not prevent Eason from arguing that his counsel was ineffective and does not provide a fair and just reason for the withdrawal of his guilty plea.

Because Eason has not provided a fair and just reason for the withdrawal of his guilty plea, the government need not show that it would be prejudiced by the withdrawal of the guilty plea. *See Harris*, 44 F.3d at 1210 n.1.

IV.

For the foregoing reasons, we will affirm the District Court's order denying Eason's motion to withdraw his guilty plea.

6